IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CORNELIUS ALSTON, ET AL.,     )     CIVIL NO. 07-00266 SPK-LEK
                              )
         Plaintiffs,          )
                              )
     vs.                      )
                              )
THOMAS READ, ET AL.,          )
                              )
         Defendants.          )
_____)
```

### ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF ACTION PENDING APPEAL AND DENYING PLAINTIFFS' <u>MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS</u>

Before the Court are Defendants Thomas Read and Nettie Simmons' (collectively "Defendants") Motion for Stay of Action Pending Appeal ("Stay Motion"), filed on February 17, 2010, and Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous ("Certification Motion"), filed on March 8, 2010. Plaintiffs filed their memorandum in opposition to the Stay Motion on March 8, 2010. Defendants filed a joint reply in support of the Stay Motion and memorandum in opposition to the Certification Motion on March 15, 2010. Plaintiffs filed a reply in support of the Certification Motion on March 22, 2010. These matters came on for hearing on March 29, 2010. Appearing on behalf of Defendants were Kendall Moser, Esq., and John Molay, Esq., and appearing on behalf of Plaintiffs was Jack Schweigert, Esq. After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, Defendants'

Stay Motion is HEREBY GRANTED and Plaintiffs' Certification

Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff Cornelius Alston, also known as Neil Hallman,

("Alston") is a former state prisoner.  On November 20, 1997,

Alston was sentenced to ten years of imprisonment for promoting a

dangerous drug in the second degree and five years of

imprisonment for promoting a dangerous drug in the third degree

("drug sentence").  The Judgement of Conviction ("11/20/97

Judgment") stated that the sentences were to run concurrently.

On May 3, 1991, Alston was sentenced to ten years imprisonment

for robbery in the second degree ("robbery sentence").

Plaintiffs allege that Alston was supposed to be released from

prison on August 4, 2007, but he was not released until

December 27, 2007.  In June 2007, the State Department of Public

Safety ("DPS") changed his release date from August 2007 to

November 2011.

Defendants are the DPS employees who were responsible

for changing or re-calculating Alston's release date from 2007 to

2011.  Read previously wrote a DPS policy which, effective

January 1, 2005, required that DPS staff treat sentences issued

at different times for different crimes as being consecutive,

unless the judgment stated that they were to be concurrent.

Prior to that time, DPS had an unwritten policy that such

2

sentences were treated as running concurrently.  There is also some evidence in the record that, in 1997, the state courts operated under the understanding that multiple sentences imposed at different times were treated as concurrent unless otherwise specified.  According to Defendants, Read wrote the new DPS policy to conform with the version of Haw. Rev. Stat. § 706-668.5 in effect at the time.[1]  On June 14, 2007, DPS advised Alston in writing that it had determined that the drug sentence and the robbery sentence were to be served consecutively.  Thus, his maximum release date was calculated to be November 17, 2011. Alston wrote three letters which, *inter alia*, contested the new release date.  In response to these letters, DPS reviewed Alston's file a second time.  On August 3, 2007, DPS wrote Alston another letter acknowledging his correspondence but advising him that it was still taking the position that the two sentences were consecutive.

DPS released Alston on December 27, 2007 because he obtained an Amended Judgment which expressly stated that the drug sentence was to run concurrently with any other sentences being served.  Alston brings the instant 42 U.S.C. § 1983 action, on behalf of himself and others similarly situated, alleging that he

---

[1] Section 706-668.5 was amended effective June 18, 2008 to state that multiple terms of imprisonment issued at different times for different crimes are concurrent unless court order or statute requires the terms to be consecutive.

was over-detained for approximately 145 days, in violation of, *inter alia*, his rights under the United States Constitution.[2]

On April 30, 2009, Defendants filed a Motion for Partial Summary Judgment arguing, *inter alia*, that Defendants are entitled to qualified immunity for the claims brought against them in their individual capacities.[3]  After an *amicus curiae* brief by the American Civil Liberties Union ("ACLU") and supplemental briefing, the district judge issued his Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment ("Summary Judgment Order") on January 14, 2010.  The district judge ruled that: Count Five and Count Six of the Second Amended Complaint failed to state a claim upon which relief could be granted; the remaining claims implicated federal rights; and qualified immunity was inappropriate at this time because there are disputed questions of material historical fact.  The district judge, however, noted that one or both Defendants may ultimately be entitled to a

---

[2] The Second Amended Complaint, filed on August 14, 2009, lists ten other individual plaintiffs and states that it is filed on behalf of those similarly situated.  Plaintiffs, however, have not moved to certify a class.  The parties have stipulated to extend the deadline to add parties and amend pleadings until ninety days after this Court rules on the Stay Motion.

[3] The Motion for Partial Summary Judgment only addressed the facts of Alston's claims.  The district judge noted that: "Many of the key legal issues, however, would be common as to each Plaintiff and the rulings here would likely apply in different degrees to the others.  This motion serves as a type of 'test case.'"  [Summary Judgment Order at 2 n.2.]

qualified immunity defense at trial.  On February 11, 2010, Defendants, in their individual capacities, filed a notice of appeal from the Summary Judgment Order.

In the Stay Motion, Defendants seek an order staying the entire case until the Ninth Circuit rules upon their appeal of the Summary Judgment Order.  Defendants argue that, under the facts as alleged by Plaintiffs and as developed during discovery thus far, they are entitled to qualified immunity as a matter of law.  The appeal, however, will not be resolved by the October 5, 2010 trial date in this case.  Defendants contend that a stay is warranted because qualified immunity is not just a defense against liability, it is an immunity from the burdens of litigation.[4]  The pretrial proceedings in this case will be significant, and the appeal may have a substantial effect on pretrial matters.  Further, Defendants argue that the filing of the appeal divested the district court of jurisdiction over claims implicated by the appeal, unless the district court certifies Defendants' appeal as frivolous.

Defendants also contend that the Summary Judgment Order can be appealed even though the district judge found that there

---

[4] Defendants argue that, although the Summary Judgment Order only addresses Alston's claims, the remaining Plaintiffs, and the potential class members, have claims that are substantially similar to Alston's.  Thus, a ruling that Defendants are entitled to qualified immunity as to Alston's claims would have effectively ended the action.

were disputed issues of material fact which precluded a finding

of qualified immunity at this time.  On appeal, the Ninth Circuit

can assume that Alston's version of the facts is correct, and it

can address the legal issue whether Defendants' conduct, as

alleged by Alston, violated clearly established law.

       In their memorandum in opposition to the Stay Motion

and in their Certification Motion, Plaintiffs argue that

Defendants' appeal of the Summary Judgment Order and the Stay

Motion are meritless because the Summary Judgment Order is not an

appealable order.  The Summary Judgment Order cannot be the

subject of an interlocutory appeal because the appeal would

require the Ninth Circuit to resolve genuine disputes of material

fact.  Plaintiffs argue that this Court should certify

Defendants' appeal as frivolous and allow the action to proceed

to trial.

       Plaintiffs point out that, although they are not

certified yet, there are at least three classes of potential

plaintiffs in this case: 1) the group including Plaintiffs

Alston, Kevin Brooks, Foe Liulama, Sr., and Eric Miller, who were

over detained because of DPS's method of calculating their

maximum term release date; 2) the group including Plaintiffs

Darren D. Bajo, Danilo Dimapolis, Randal C.K. Gouveia, Adrian A.

Lucerno, and Jamie Tafoya, who were over detained as a result of

DPS's deliberate indifference; and 3) the group including

Plaintiff Walter Deguair, who was over detained because DPS did
not give proper credit when imposing consecutive sentences.  Even
assuming, *arguendo*, that the Summary Judgment Order is
appealable, appellate review of that order would not divest the
district court of jurisdiction over the other ten Plaintiffs'
cases.  Plaintiffs argue that there are no grounds for staying
the case as to those claims.

Finally, Plaintiffs argue that the public interest
weighs against a stay because over detention pursuant to
Defendants' policy is still occurring and, if the case is stayed,
inmates who should now be free will continue to be over detained.

In their joint reply in support of the Stay Motion and
memorandum in opposition to the Certification Motion, Defendants
argue that the factual issues which the district judge identified
in the Summary Judgment Order do not bar a stay pending appeal.
The Summary Judgment Order identified the following areas of
disputed facts: whether the state inmate grievance system could
have provided a timely remedy; what information did Defendants
have when they wrote letters to Alston in August and October of
2007; and whether a reasonable prison official should have
inquired or investigated further upon receipt of Alston's
letters.  Defendants argue that there are no genuine disputes of
material fact in these areas.

According to Defendants, the district judge had

undisputed deposition testimony that Alston was not provided an administrative hearing regarding his claim of over detention, nor would he have been given one even if his letters were construed as a request for a hearing.  The documents in DPS's possession at the time Alston sent his letters indicated that his sentences were consecutive.  Thus, Alston would not be released until he obtained an amended judgment.  Defendants note that Alston was released as soon as DPS received the December 27, 2007 Amended Judgment, and they argue that Alston could only be considered over detained if DPS had detained him after receiving the Amended Judgment.

Defendants also state that the district judge had undisputed testimony that Defendants were unaware of any order that conflicted with the judgment for the drug sentence.  The district judge reviewed all correspondence to and from DPS regarding Alston's sentence and all the documents that were in DPS's possession at the time Defendants recalculated his sentence.  The district judge was also fully apprised of the actions that Defendants took in response to Alston's correspondence.  Defendants argue that, even if they were aware that other inmates made similar claims of over detention and obtained amended judgments allowing their release, Defendants were not obligated to review Alston's court files, call his defense attorney, or undertake any other investigation.  Further,

Defendants argue that the question whether they had a duty to conduct further investigation is a question of law, not a question of fact.  Defendants argue that the district judge should have construed any disputed facts in Alston's favor and then determined whether the law governing Defendants' alleged actions was clearly established.

As to Plaintiffs' argument that the appeal of the Summary Judgment Order does not affect the other Plaintiffs' claims, Defendants point out that the parties agreed to a representative plaintiff whose claims Defendants would move for summary judgment on to test the legal basis of Plaintiffs' claims.  Defendants argue that Plaintiffs cannot contest the fairness of the agreed upon procedure.  Defendants further contend that the other Plaintiffs' claims do not preclude a stay because most of those claims are, at best, negligence claims which do not belong in federal court.  The remaining Plaintiffs do not have cognizable claims for over detention.[5]  In addition, Plaintiffs have not alleged that any of them are still in custody and therefore would be harmed by a stay, and the Second Amended Complaint does not seek injunctive relief.  Even if some of the

---

[5] Defendants argue that Bajo, [Defs.' Reply at 8-10,] Gouveia, [id. at 11,] Tafoya, [id. at 12-13,] and Deguair, [id. at 13-14,] do not have a claim for over detention.  Defendants assert that Dimapolis has a negligence-based claim for one day of over detention, [id. at 10,] and Lucerno has a negligence-based claim for over detention, [id. at 12.]

Plaintiffs are in custody, they can seek release by filing a habeas corpus petition, filing a petition for state post-conviction relief, or seeking an amended judgment.

Defendants argue that the public interest does not bar a stay.  Plaintiffs have neither moved for class certification nor sought injunctive relief, even though they originally filed this action almost three years ago.  Defendants therefore assert that Plaintiffs cannot oppose the stay based on allegations of on-going over detentions.  Plaintiffs cite no case law supporting their public interest argument, and Defendants contend that qualified immunity from the burdens of litigation indicates a public policy which would favor a stay in this case.

Finally, Defendants argue that their appeal is not frivolous.  The denial of qualified immunity is immediately appealable, even if there are some disputed facts.  Defendants note that, for an appeal to be frivolous, the result must be obvious and there cannot be a plausible chance of reversal.  That is not the case here.  Neither Plaintiffs nor the ACLU identified any controlling case law for their position that Defendants had a duty to release Alston merely because he provided some evidence of a mistake in the judgment, but the Summary Judgment Orders seems to adopt this position.  Defendants believe that the Ninth Circuit will reject this position and reverse the Summary Judgment Order.

        In their reply in support of the Certification Motion,

Plaintiffs note that Defendants did not respond to the argument

that the Ninth Circuit lacks jurisdiction over the appeal of the

Summary Judgment Order because it is an appeal challenging the

sufficiency of the evidence.   The district judge has not made a

final decision on the merits of Defendants' qualified immunity

defense; he has merely raised genuine issues of material fact.

Thus, the Summary Judgment Order is not appealable.

### <u>DISCUSSION</u>

        "[Q]ualified immunity is an immunity from suit rather

than a mere defense to liability[.]"   <u>Pearson v. Callahan</u>, – U.S.

–, 129 S. Ct. 808, 815 (2009) (citation and quotation marks

omitted).   Government officials have qualified immunity if "their

conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have

known."   <u>Id.</u> (citation and quotation marks omitted).   In the

instant case, the district judge phrased the operative question

as "[v]iewed objectively, would it have been clear to a

reasonable prison official with Defendants' duties that their

conduct 'was unlawful in the situation [they] confronted'?"

[Summary Judgment Order at 44 (quoting <u>Saucier v. Katz</u>, 533 U.S.

194, 202 (2001)) (some alterations in original).]

        Under certain circumstances, a defendant may file an

interlocutory appeal from a district judge's order denying a

motion for summary judgment based on qualified immunity.  See
Dagdagan v. City of Vallejo, No. 2:08-CV-00922-GEB-GGH, 2010 WL
121309, at *12 (E.D. Cal. Jan. 7, 2010) (citing Schwenk v.
Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000); Wilkins v. City of
Oakland, 350 F.3d 949, 951 (9th Cir. 2003) (stating that the
appellate court "has jurisdiction . . . over an interlocutory
appeal where the ground for the motion in question is qualified
immunity") (citation omitted))).  This district court has stated
that "[a]bsent a finding by the district court that a defendant's
claim of qualified immunity is frivolous or has been waived, the
denial of such a motion is an immediately appealable
interlocutory order."  Freitas v. Stone, 818 F. Supp. 1333, 1343
(D. Hawai'i 1993) (citing Chuman v. Wright, 960 F.2d 104, 105
(9th Cir. 1992); United States v. Claiborne, 727 F.2d 842, 850
(9th Cir. 1984)) (some citations omitted).

> The filing of an interlocutory appeal
> "divests the district court of jurisdiction to
> proceed with trial," Chuman v. Wright, 960 F.2d
> 104, 105 (9th Cir. 1992) (emphasis added), and
> "over the particular issues involved in [the]
> appeal." City of Los Angeles v. Santa Monica
> Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001)
> (emphasis added).  However, the filing of an
> interlocutory appeal does not divest the trial
> court of jurisdiction over "aspects of the case
> that are not the subject of the appeal." United
> States v. Pitner, [3]07 F.3d 1178, 1183 n.5 (9th
> Cir. 2002).

Dagdagan, 2010 WL 121309, at *12 (emphases and some alterations
in original) (some citations omitted).  A case may proceed in

spite of a pending interlocutory appeal if the district court
certifies in writing that the appeal is frivolous or waived.  See
Chuman, 960 F.2d at 105.

> "An appeal is frivolous if it is wholly
> without merit." United States v. Kitsap
> Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir.
> 2002) (quoting Amwest Mortgage Corp. v. Grady, 925
> F.2d 1162, 1165 (9th Cir. 1991)); see also In re
> George, 322 F.3d 586, 591 (9th Cir. 2003) (stating
> that "[a]n appeal is frivolous if the results are
> obvious, or the arguments of error are wholly
> without merit").  "This means that the appeal must
> be so baseless that it does not invoke appellate
> jurisdiction such as when the disposition is so
> plainly correct that nothing can be said on the
> other side." Schering Corp. v. First DataBank,
> Inc., No. C 07-01142 WHA, 2007 WL 1747115 at *3
> (N.D. Cal. June 18, 2007) (quoting Apolstol v.
> Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989)).

Dagdagan, 2010 WL 121309, at *14 (alteration in original).

A.    **Stay as to Alston's Claims**

Plaintiffs argue that Defendants' appeal is frivolous
because the Summary Judgment Order is not appealable.  They
contend that the Ninth Circuit cannot review the Summary Judgment
Order because the district judge found that there were genuine
issues of material fact which preclude granting qualified
immunity at this time.  See Knox v. Sw. Airlines, 124 F.3d 1103,
1107 (9th Cir. 1997) (noting that, while the Ninth Circuit has
"jurisdiction over an interlocutory appeal from the denial of
qualified immunity where the appeal focuses on whether defendants
violated a clearly established law given the undisputed facts",
it lacks jurisdiction over "an interlocutory appeal that focuses

13

on whether there is a genuine dispute about the underlying facts"
(citation omitted)).

Defendants counter that the Ninth Circuit can review
the Summary Judgment Order because, to the extent that there are
disputed issues of fact, the Ninth Circuit can accept Plaintiffs'
position on those issues and address the relevant legal issues.
See, e.g., Wilkins, 350 F.3d at 951; Jeffers v. Gomez, 267 F.3d
895, 903 (9th Cir. 2001).  This Court agrees.

The district judge ultimately found that there were
factual disputes which preclude granting Defendants qualified
immunity at this stage of the case because "it is unclear what
'the situation [Defendants] confronted' was when they failed to
investigate whether their change in Alston's release date from
2007 to 2011 was contrary to the language of Alston's
November 20, 1997 judgment."  [Summary Judgment Order at 47.]
Depending on the situation that Defendants confronted, they may
have had a duty to investigate further before changing Alston's
release date.

In this Court's view, there is sufficient undisputed
information in the record to permit the Ninth Circuit to review
the issue whether Defendants are entitled to qualified immunity
as a matter of law.  To the extent that there are any disputed
issues of fact, the Ninth Circuit can accept Plaintiffs' version
of those facts.

14

The language of Alston's November 20, 1997 judgment is
not disputed.  It "might have been ambiguous when it stated
'sentences to run concurrently' (e.g. *which* sentences ran
concurrently?)", [id. at 40 (emphasis in original),] but whether
this potential ambiguity triggered a duty to investigate further
is a question of law.  The Findings of Fact, Conclusions of Law,
and Order Imposing Mandatory Minimum Term of Imprisonment for
Repeat Offender Sentencing, filed on December 10, 1997
("December 10, 1997 Order"), stated that the two components of
Alston's drug sentence were to run concurrently with each other
and with any other sentence he was serving.  DPS, however,
apparently did not have this order when Defendants recalculated
Alston's sentence.  It is undisputed that Read wrote a policy
requiring sentences imposed at different times to be treated
consecutively unless expressly stated.  This policy was
consistent with the language of § 706-668.5 at that time, but it
was contrary to DPS practice, and apparently the understanding of
the state courts, prior to the implementation of the policy.
Pursuant to the new policy, Defendants recalculated Alston's
release date and informed Alston of the change.  Alston objected
to the new release date.  What Defendants did, or did not do, in
evaluating Alston's release date and in response to Alston's
letters is not in dispute.  [Id. at 19-20 ("[I]t appears to be
undisputed that neither Simmons nor Read (1) made any effort

15

(either initially, or in response to Alston's correspondence) to look for any underlying written court order regarding Alston's mandatory minimum sentence; (2) did not review the court docket sheet; and (3) otherwise did not 'think to go look to see what the order might be[.]', or felt they had no duty to look for any other information besides the Judgment that they had." (citations omitted) (some alterations in original)).]

There is a dispute whether Defendants would have changed Alston's release date if they had looked at the December 10, 1997 Order.  During his deposition, Read's testimony indicated that Defendants would have computed Alston's release date differently if the state court or Alston's attorney had provided DPS with the December 10, 1997 Order, but he also testified that DPS could not have released Alston on August 4, 2007 without an amended judgment.  [Id. at 23.]  This dispute, however, does not preclude appellate review.  The Ninth Circuit can view this factual dispute in Alston's favor and assume that Defendants would not have changed Alston's release date if they had looked at the December 10, 1997 Order.  Such an assumption is also supported by Defendants' position that DPS must rely on the judgment in determining an inmate's release date.  Defendants argue that DPS is not responsible for finding underlying or supporting orders which the Judiciary did not provide to DPS. Plaintiffs contend that this is not a reasonable interpretation

16

of § 706-668.5, which does not refer to the sentencing judgment. [Id. at 21-22.]  This legal dispute can be resolved in the interlocutory appeal.

The Summary Judgment Order also states that there is specific evidence in the record which indicated that other similar over detentions occurred before Alston's over detention. The district judge noted that the circumstances of the other over detentions are not known, and it is not clear how many over detentions occurred before Alston's.  [Id. at 24-25.]  The district judge, however, recognized that "all indications are that Alston's was certainly not the *first* occurrence of an 'over detention'".  [Id. at 25 (emphasis in original).]  The fact that there were other over detentions before Alston's is relevant to the question whether Defendants had a duty to investigate further before changing Alston's release date.  The Ninth Circuit can review that legal issue even though there are factual questions about the circumstances and exact number of over detentions which occurred before Defendants changed Alston's release date. Viewing the record in the light most favorable to Plaintiffs, the Ninth Circuit can assume that there were other similar over detentions which occurred before Defendants changed Alston's release date.

In this Court's view, appellate review of the Summary Judgment Order is possible.  The Court acknowledges that the

17

Ninth Circuit may ultimately hold that it lacks jurisdiction over Defendants' appeal because the question whether Defendants are entitled to qualified immunity is contingent upon genuine disputes of material fact.  This Court, however, cannot find that such a result is so obvious as to render Defendants' appeal frivolous.  Further, there is no indication that Defendants waived the right to appeal the Summary Judgment Order.  The Court therefore DENIES the Certification Motion.

The appeal of the Summary Judgment Order divests the district court of jurisdiction over Alston's claims.  The Court therefore FINDS that the instant case should be stayed as to Alston's claims.

**B.   Stay as to the Other Plaintiffs**

Plaintiffs argue that a stay of Alston's claims does not require a stay of the other Plaintiffs' claims.  The district judge characterized Defendants' motion for summary judgment on Alston's claims as a "test case."  [Summary Judgment Order at 2 n.1.]  The district judge stated that many of the legal issues addressed in the Summary Judgment Order would be common to all Plaintiffs and that the rulings would apply, although perhaps in differing degrees, to all Plaintiffs.  [Id.]  Thus, a stay of Alston's case also warrants a stay as to the other Plaintiffs whose claims involve the same threshold issues as Alston's claims.  Where the issues affecting Alston's claims are relevant

18

to, but not dispositive of, the issues affecting other Plaintiffs' claims, the interests of judicial economy warrant a stay.  Although Plaintiffs argue that the case should go forward as to the claims which are distinguishable from Alston's, Plaintiffs have not identified any evidence in the record which establishes that the distinctions between the claims override the similarities.  This Court therefore FINDS that the stay pending the appeal of the Summary Judgment Order applies to all Plaintiffs in this case.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Stay of Action Pending Appeal, filed on February 17, 2010, is HEREBY GRANTED, and Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous, filed on March 8, 2010, is HEREBY DENIED.

This Court directs the Clerk's Office to administratively close this case seventeen days from the entry of this order, unless Plaintiffs seek reconsideration of this order or file an appeal of this order to the district judge.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 13, 2010.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

CORNELIUS ALSTON, ET AL. V. THOMAS READ, ET AL; CIVIL NO. 07-00266 SPK-LEK; ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF ACTION PENDING APPEAL AND DENYING PLAINTIFFS' MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS